IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **RAINDROPS LICENSING LLC**<br><br>    **Plaintiff,**<br><br> v.<br><br>**LIVEXLIVE, CORP.**<br><br>    **Defendant.** | C.A. No. 20-cv-01026-LPS<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT LIVEXLIVE, CORP.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant LiveXLive, Corp. ("LiveXLive") hereby answers the Complaint filed by Plaintiff Raindrops Licensing, LLC ("Raindrops") as follows:

### PARTIES

1. LiveXLive is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, therefore, denies those allegations.

2. LiveXLive admits that it is a corporation organized and existing under the laws of Delaware and that its registered agent for service is Vcorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, DE 19805, but denies that it has a principal place of business at 269 South Beverly Drive, Suite 1450, Beverly, Hills, California 90212. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint and, therefore, denies those allegations.

### JURISDICTION

3. LiveXLive admits that the Complaint purports to state a cause of action for patent infringement. LiveXLive expressly denies that it has infringed or is infringing the asserted patent

and denies that Raindrops is entitled to the relief sought. LiveXLive denies the remaining allegations of this paragraph.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, LiveXLive admits this Court has subject matter jurisdiction over claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). LiveXLive denies the remaining allegations of this paragraph.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, LiveXLive expressly denies that it has committed or continues to commit acts of infringement in this District. LiveXLive admits that it has conducted business in this District and engages in activities in this District. LiveXLive denies the remaining allegations of this paragraph.

## VENUE

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, LiveXLive admits that it has an established place of business in this District, but expressly denies that it has committed acts of patent infringement in this District. LiveXLive further denies that Plaintiff has suffered harm in this District. LiveXLive denies the remaining allegations of this paragraph.

## PATENT-IN-SUIT

7. LiveXLive is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and, therefore, denies those allegations.

## THE '096 PATENT

8. LiveXLive admits that a document purporting to be a copy of the '096 Patent,

entitled "System and Method for Overlapping Audio Elements in a Customized Personal Radio Broadcast" is attached to the Complaint. LiveXLive is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Complaint, and, therefore, denies those allegations.

9. Denied.

### COUNT I: INFRINGEMENT OF THE '096 PATENT

10. LiveXLive repeats and incorporates by reference its responses to the allegations of Paragraphs 1-9 of the Complaint as if fully set forth herein.

11. LiveXLive admits that it sells or has sold the LiveXLive mobile app for Android and operates the www.livexlive.com platform ("the Accused Products") but denies that these products infringe any claim of the '096 Patent. LiveXLive denies the remaining allegations of this paragraph.

12. Denied.

13. Denied.

14. LiveXLive admits that it sells or has sold the Accused Products but denies that these products infringe any claim of the '096 Patent, or that LiveXLive has induced the infringement of others or contributed thereto. LiveXLive denies the remaining allegations of this paragraph.

15. Denied.

16. Denied.

17. LiveXLive admits that sells or has sold the Accused Products but expressly denies that these products infringe any claim of the '096 Patent, or that LiveXLive has induced the infringement of others. LiveXLive denies the remaining allegations of this paragraph.

18. LiveXLive admits that sells or has sold the Accused Products but expressly denies that these products, or any LiveXLive products, infringe any claim of the '096 Patent, or that LiveXLive has contributed to the infringement of others. LiveXLive denies the remaining allegations of this paragraph.

19. LiveXLive admits that Exhibit 2 to the Complaint purports to be a claim chart but denies that this chart establishes that the Accused Products infringe the '096 Patent. LiveXLive denies the remaining allegations of this paragraph.

20. Paragraph 20 states a legal conclusion to which no response is required. LiveXLive denies the remaining allegations of this paragraph.

21. Denied.

22. Paragraph 22 states a legal conclusion to which no response is required. LiveXLive denies the remaining allegations of this paragraph.

LiveXLive Media denies that Plaintiff is entitled to the relief requested or to any other relief against LiveXLive. To the extent a further response to Plaintiff's request is necessary, LiveXLive denies each and every allegation set forth in Raindrops' request, provisions (A) through (E), inclusive.

## **DEFENSES**

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Without shifting the burden of proof, which remains with Plaintiff, LiveXLive's products do not infringe any valid and enforceable claim of the '096 Patent.

### Third Defense

The claims of the '096 Patent are invalid because they fail to satisfy the conditions for patentability stated in Title 35 of the United States Code, including, among other sections, §§ 101, 102, 103, and 112.

### Fourth Defense

Without shifting the burden of proof, which remains with Plaintiff, Plaintiff's claim for damages is limited by 35 U.S.C. § 287(a).

### Additional Defenses

LiveXLive reserves the right to assert additional defenses that may become known to it through discovery, including, but not limited to, inequitable conduct.

## COUNTERCLAIMS

LiveXLive asserts the following Counterclaims against Raindrops:

## PARTIES

1. LiveXLive, Corp. ("LiveXLive") is a Delaware corporation, with a place of business at 9200 Sunset Boulevard, Suite 1201, West Hollywood, CA 90069.

2. Counter-defendant Raindrops Licensing, LLC ("Raindrops") is a Texas limited liability company with an office at 2108 Dallas Pkwy, Ste 214 - 1063, Plano, TX 75093.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, as enacted under Title 35 of the United States Code and the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331-1338 because these Counterclaims arise under the patent laws of the United States, and pursuant to 28 U.S.C. §§ 2201-2202 because an actual controversy exists between LiveXLive and Raindrops.

4. These Counterclaims arise out of the same transaction or occurrence that is the subject of Raindrops' Complaint. This Court has personal jurisdiction over Raindrops because it submitted itself to the jurisdiction of this Court by filing its Complaint in this judicial district. The acts committed by Raindrops that are the basis of this declaratory judgment action occurred in this judicial district.

5. In its Complaint, counterclaim-defendant Raindrops alleges that LiveXLive has infringed United States Patent No. 6,609,096 ("the '096 Patent"). Because LiveXLive denies that it infringes any valid and enforceable claim of that patent, an actual and justiciable controversy has arisen and now exists between LiveXLive, on the one hand, and Raindrops, on the other, as to whether LiveXLive infringes any claim of any of that patent and as to whether the claims of that patent is valid.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to these Counterclaims occurred in this district.

## COUNT I:  DECLARATORY JUDGMENT
## REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 6,609,096

7. LiveXLive repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1-6 of these Counterclaims as if fully set forth herein.

8. LiveXLive does not infringe, and has not infringed, the '096 Patent.

## COUNT II:  DECLARATORY JUDGMENT
## REGARDING INVALIDITY OF U.S. PATENT NO. 6,609,096

9. LiveXLive repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1-8 of these Counterclaims as if fully set forth herein.

10. The claims of the '096 Patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## REQUEST FOR RELIEF

LiveXLive respectfully requests that the Court:

(a) Enter judgment that LiveXLive does not, and has not infringed any claim of the '096 Patent;

(b) Enter judgment that each of the claims of the '096 Patent is invalid;

(c) Enter judgment denying Raindrops all of the relief requested in the Complaint and dismissing Raindrops' claims with prejudice;

(d) Enter judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and award LiveXLive its costs and attorneys' fees; and

(e) Grant LiveXLive such other and further relief as the Court deems just in the circumstances.

## DEMAND FOR JURY TRIAL

LiveXLive hereby demands a trial by jury of all issues so triable by a jury in this action.

OF COUNSEL:

David A. Boag, Esq.
BOAG LAW, PLLC
447 Broadway
Suite 2270
New York, NY 10013
(212) 203-6651
dab@boagip.com

Dated: October 9, 2020

O'ROURKE LAW OFFICE, LLC

By: */s/ Gerard M. O'Rourke*
Gerard M. O'Rourke, Esq. (#3265)
O'Rourke Law Office, LLC
1201 N. Orange Street
Suite 7260
Wilmington, DE 19801-1186
(484) 770-8046
gorourke@orourkefirm.com

Attorneys for Defendant